Eastern District of Kentucky
F I L E D
JUN 14 2016
AT COVINGTON
ROBERT R. CARR
CLERK U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
AT LONDON

CIVIL ACTION NO. 16-17-DLB

STEVEN DESMOND PETERSON            PETITIONER

V.        **MEMORANDUM OPINION AND ORDER**

J.C. HOLLAND, Warden            RESPONDENT

\*\*\*\*\*    \*\*\*\*\*    \*\*\*\*\*    \*\*\*\*\*

Petitioner Steven Desmond Peterson is an inmate confined by the Bureau of Prisons ("BOP") in the United States Penitentiary ("USP")-McCreary, located in Pine Knot, Kentucky. Peterson has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. # 1), in which he challenges a prison disciplinary conviction.[1]

The Court conducts an initial review of habeas corpus petitions. 28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). The Court must deny the petition "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)). Additionally, the Court evaluates Peterson's petition under a more lenient standard because he is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). At this stage of the

---

[1] Peterson is serving a life sentence for drug conspiracy and murder. *See* https://www.bop.gov/inmateloc/ (re: Peterson, BOP Register No. 15086-056, last visited on June 10, 2016).

1

proceedings, the Court accepts the petitioner's factual allegations as true and construes all legal claims in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

As explained below, Peterson fails to allege facts that indicate any of his constitutional rights were violated as a result of his disciplinary conviction and the sanctions imposed. Thus, Peterson is not entitled to habeas relief under § 2241.

## BACKGROUND

On August 8, 2013, at 7:50 p.m., "T." Revis, a Correctional Officer at USP-McCreary, was conducting a random search of Cell 104, which was occupied by Peterson and USP-McCreary inmate Marquise Rayvon Dedmon. During the search, Revis discovered a homemade weapon behind the locker in Cell 104. After this discovery, Revis issued Incident Report No. 2478148, charging Peterson with possessing a weapon in violation of BOP Prohibited Act Code ("PSC") 104, pursuant to 28 C.F.R. § 541.3. The Incident Report described the weapon as an eight-inch piece of gray metal sharpened to a point, with a piece of rubber wrapped around one end of it, which formed a handle for the weapon.

On August 9, 2013, Peterson was given written notice of the disciplinary charge filed against him, and on August 21, 2013, a disciplinary hearing was held at USP-McCreary. Disciplinary Hearing Officer ("DHO") Gary Mehler presided over the hearing.[2] (Doc. # 7, p. 1, § I). At that hearing, Peterson was advised of his due process rights and waived several of his rights, including: his right to a

---

[2] DHO Mehler noted in his Report that the processing of the Incident Report was suspended pending referral to the Federal Bureau of Investigation ("FBI") for possible criminal prosecution, but that Incident Report was released for administrative processing on August 12, 2013, at which time disciplinary proceedings resumed. (Doc.# 7, p. 2, § V).

2

staff representative and his right to to call "J." Terry, Facilities Foreman, as a witness on his behalf. (Doc. # 7, pp. 1-2, §§ II-III). Peterson affirmatively denied any knowledge of, or responsibility for, the weapon discovered in his cell and produced no documentary evidence on his behalf. (*Id.*).

In his Report dated September 10, 2013, DHO Mehler convicted Peterson of the charged weapon possession offense, based in part on CO Revis's statements contained in the Incident Report, and in part on the photograph of the discovered weapon. (Doc. # 7, pp. 2-3, §§ IV-V). DHO Mehler acknowledged that Peterson had disclaimed any knowledge of the existence of the weapon or why it was in his cell, but DHO Mehler gave greater weight to CO Revis's conclusion that Peterson was responsible for the prohibited weapon, because the weapon was found in the locker of the cell which Peterson occupied. DHO Mehler concluded that CO Revis had no reason to fabricate his statements and implicate Peterson, while Peterson was facing disciplinary sanction, and therefore had good reason to dispute the charge. DHO Mehler concluded that Peterson's denial "did not outweigh the officer's account, and his attestment was given greater weight in deciding the issue." (Doc. # 7, p. 3, § V).

DHO Mehler listed other considerations that contributed to his determination that Peterson was guilty of the charged offense, including but not limited to, the fact that Peterson was responsible for maintaining his cell free and clear of contraband but failed to do so; that Peterson and his cell-mate had control over, and spent many hours in, their cell on a daily basis; that the weapon was discovered in their cell behind the wall lockers, which is generally known as

3

a common area for prisoners to hide contraband; and that Peterson should have known to monitor his cell to ensure that there was no contraband in that area. (*Id.*)

Finally, DHO Mehler relied on the witness statement of USP-McCreary Senior Officer Specialist "D." Schlosser, who submitted a Memorandum stating that as Peterson and Dedmon were being escorted to the Lieutenant's Office on August 8, 2013 (before Peterson was actually charged with the disciplinary offense), he overheard Peterson tell Dedmon that they would both deny ownership of the discovered weapon, and that if he (Peterson) was charged with the offense, "…he was going to sue." (*Id.*) DHO Mehler sanctioned Peterson with placement in disciplinary segregation for thirty (30) days, and the loss of all telephone privileges for six (6) months. (Doc. # 7, p. 3, § VI). The DHO did not revoke or order Peterson to forfeit any of his good-time credits ("GTC").

Peterson appealed the disciplinary conviction through the BOP's Inmate Grievance Program, claiming that he did not receive timely notice of the charge and that an FBI referral, which would excuse the delay, was not the cause of the delay. Peterson further alleged that he could not defend himself at the disciplinary hearing because he was unable to have the weapon analyzed for fingerprints; that the DHO lied; and that he was denied due process during his disciplinary hearing. The Mid-Atlantic Regional Office ("MARO") denied Peterson's first appeal, and on July 24, 2015, the BOP Central Office affirmed the MARO denial, rejected Peterson's arguments as non-meritorious, and

concluded that the sanctions imposed were commensurate with the severity of the offense committed.[3] (Doc. # 1-1, p. 2).

In his § 2241 petition, Peterson challenges his disciplinary conviction on the same grounds which he unsuccessfully asserted during the BOP grievance process. Peterson seeks an order which either expunges the DHO Report from his record, or directs the FBI to conduct a finger-print or DNA analysis on the weapon discovered in his cell.

## DISCUSSION

Peterson's § 2241 petition must be denied. "To determine whether a liberty interest is implicated in a prison setting, the interest must be limited to freedom from restraint which 'imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.'" *Sarmiento v. Hemingway*, 93 F. App'x 65, 66 (6th Cir. 2004) (citing *Sandin v. Conner*, 515 U.S. 472, 483-84 (1995)). The law is well-established that prisoners have no protected liberty interest in remaining free of disciplinary confinement. *Lee v. Young*, 43 F. App'x 788 (6th Cir. 2002). "Generally, unless placement in discriminatory confinement is accompanied by a withdrawal of good time credits or is for a significant period of time that presents an unusual hardship on the inmate, no interest to remain free of disciplinary confinement will be found in the case." *Sarmiento*, 93 F. App'x at 66 (citing *Sandin*, 515 U.S. at 483-84).

---

[3] Possession of a weapon is prohibited under 28 C.F.R. § 541.3, Prohibited Act Code 104, but in denying Peterson's final administrative appeal, the BOP Central Office stated that Peterson was found guilty of "prohibited act of Code 101, Possession of a Weapon." (Doc. # 1-1, p. 2).

5

Peterson's habeas petition cannot survive under the good time credit alternative of the due process analysis. As noted, Peterson alleges no facts indicating that he was ordered to forfeit any GTC, nor does the DHO Report reflect that Peterson's GTC was revoked or forfeited. Thus, the length of Peterson's federal sentence was not adversely impacted, which means that his § 2241 petition can succeed only if he can establish that he had a liberty interest in remaining free from temporary disciplinary segregation and the temporary suspension of his telephone privileges.

Similarly, Peterson's habeas petition fails because his disciplinary confinement did not constitute a "significant period of time that presents an unusual hardship on the inmate." *Sarmiento*, 93 F. App'x at 66 (citing *Sandin*, 515 U.S. at 483-84). Peterson was ordered to serve only thirty days in disciplinary confinement, and the Supreme Court has expressly ruled that a thirty-day placement in disciplinary segregation does not run afoul of the Constitution, particularly where a prisoner, such as Peterson, is serving a life sentence. *Sandin*, 515 U.S. at 486; *see also*, *Hall v. Fuqua*, No. 10-13350, 2010 WL 3768345 at *2 (E.D. Mich. Sept. 21, 2010) (finding that thirty days of detention in segregation and loss of privileges were not "atypical and significant hardship[s]" on the prisoner).

Furthermore, the suspension of Peterson's telephone privileges for six months does not support his habeas petition. The temporary loss of privileges does not constitute a loss of a liberty interest in which prisoners have vested rights. *See Higgason v. Farley*, 83 F.3d 807, 809 (7th Cir. 1996) (denial of

6

access to privileges such as social and rehabilitative activities did not constitute an atypical and significant hardship); *Frazier v. Coughlin*, 81 F.3d 313, 317 (2d Cir. 1996) (loss of commissary, recreation, package, and telephone privileges were not an atypical and significant hardship); *Tate v. Williams*, No. 2:06-CV-47, 2007 WL 120109 (S.D. Ohio Jan. 10, 2007), *adopted and affirmed*, 2007 WL 781657 (S.D. Ohio Mar. 12, 2007) (finding no constitutional violation where prisoner's privileges were temporarily suspended).

The temporary revocation of telephone privileges, in particular, does not implicate a constitutionally protected liberty interest. *See, e.g., Boriboune v. Litscher*, 91 F. App'x 498, 500 (7th Cir. 2003) (finding that the prisoner's short-term loss of telephone privileges and disciplinary segregation implicated no liberty interest and triggered no due process protection); *Jessiah v. Holland*, No. 12-CV-144-GFVT, 2013 WL 460624 at *1 (E.D. Ky. Feb. 6, 2013) (denying prisoner's § 2241 petition where his disciplinary sanctions consisted only of the loss of his prison job and temporary telephone privileges, not the loss of GTC); *Halcrombe v. Sniezek*, No. 4:07-CV-779, 2007 WL 1875678, at *4 (N.D. Ohio June 27, 2007); *Johnson v. Vroman*, No. 1:06-CV-145, 2006 WL 1050497, at *2 (W.D. Mich. April 19, 2006).

Accordingly, none of the sanctions imposed on Peterson caused him to serve a longer federal sentence or suffer an atypical hardship in relation to ordinary prison life. Therefore, Peterson has not set forth grounds entitling him to relief from his disciplinary conviction under 28 U.S.C. § 2241 and his habeas petition must be dismissed.

## CONCLUSION

Accordingly, it is **ORDERED** that:

1. Petitioner Steven Desmond Peterson's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. # 1) is **DENIED**;

2. This action is **DISMISSED** and **STRICKEN** from the Court's docket; and

3. Judgment shall be entered contemporaneously with this Memorandum Opinion and Order.

This 14th day of June, 2016.

Signed By:
*David L. Bunning* DB
**United States District Judge**

K:\DATA\ORDERS\ProSe\Peterson 16-17-DLB Dism 2241 CKS.doc